# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2026

Lyle W. Cayce
Clerk

———————————

No. 24-40631

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Heriberto Mendez-Lozano,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CR-1706-2

———————————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:

While executing an arrest warrant at a mobile home, police discovered Heriberto Mendez-Lozano inside the trailer with five illegal aliens. The aliens told the officers that Mendez-Lozano, along with Heriberto Aguirre, Lorenzo Guy Campbell, and several others, had taken them hostage, terrorizing them at gunpoint and extorting their families for money. After arresting Mendez-Lozano, officers recovered a firearm and two magazines in the trailer.

Mendez-Lozano, Aguirre, and Campbell were indicted as co-defendants. Mendez-Lozano was indicted for thirteen counts: conspiracy to

harbor aliens, five counts of concealing or harboring aliens, conspiracy to take hostages, five counts of hostage taking, and one count under the felon-in-possession statute, 18 U.S.C. § 922(g)(1). Aguirre and Campbell pled guilty, but Mendez-Lozano went to trial. After a three-day trial, the jury found Mendez-Lozano guilty on all thirteen counts. The district court sentenced Mendez-Lozano to 460 months in prison, three years of supervised release, a $1,300 special assessment, and $6,545 in restitution.

Mendez-Lozano brings two challenges on appeal. First, he contends the district court erred by denying his motion to sever the felon-in-possession charge from the remaining counts and bifurcate his trial. He also argues that the district court failed to include a limiting instruction in the jury charge that would have restricted the jury's use of the evidence of his felony conviction. Second, Mendez-Lozano claims the district court erred by applying a four-level sentencing enhancement for his role as an "organizer or leader" of a criminal activity. U.S.S.G. § 3B1.1(a).

I

We begin with Mendez-Lozano's arguments challenging his conviction. Mendez-Lozano's notice of appeal states that his appeal "is limited to the sentence imposed and does not challenge the underlying conviction." ECF 1. But now, he argues that the district court's failure to sever the felon-in-possession count, bifurcate his trial, and include a limiting instruction prejudiced him and affected his substantial rights.

Federal Rule of Appellate Procedure 3(c)(6) allows parties to "designate only part of a judgment or appealable order by expressly stating that the notice of appeal is so limited." This court asked the parties for supplemental briefing on whether this rule is jurisdictional or merely a claim-processing rule. After reviewing the parties' submissions, we need not answer this question. Either way, Mendez-Lozano's appeal of his conviction

is subject to waiver. *See United States. v. Olano*, 507 U.S. 725, 733 (1993) ("[W]aiver is the intentional relinquishment or abandonment of a known right." (quotation omitted)). Although we liberally interpret notices of appeal, Mendez-Lozano expressly limited the scope of his appeal to his sentence. Mendez-Lozano has therefore waived any challenge to his conviction. *See Macias v. Perry*, No. 25-40028, 2025 U.S. App. LEXIS 33500, at *6 n.9 (5th Cir. 2025); *Short v. Billings County*, 138 F.4th 1072, 1076 n.4 (8th Cir. 2025).

## II

Next, we turn to Mendez-Lozano's sentence-enhancement challenge. The Sentencing Guidelines provide for a four-level increase to a defendant's base offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). Mendez-Lozano claims that the "Government did not prove this level of participation by a preponderance of the evidence." Blue Br. at 13. The district court's determination that a defendant organized or led criminal activity is a finding of fact that we review for clear error. *See United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011) ("We review for clear error the factual findings a district court makes in support of its decision to apply" a "sentencing enhancement."); *cf. United States v. Ochoa-Gomez*, 777 F.3d 278, 281–82 (5th Cir. 2015) (applying clear-error review to order applying an enhancement under § 3B1.1).

After reviewing the record as a whole, we hold the district court did not clearly err in its application of § 3B1.1. *See United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013) (factual findings are not clearly erroneous if plausible based on the record as a whole); *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007) (similar).

AFFIRMED.

No. 24-40631

James E. Graves, Jr., *Circuit Judge*, concurring in the judgment:

Mendez-Lozano cannot prevail on any of the merits of his appeal. But because I would not hold that Mendez-Lozano's notice of appeal constitutes a waiver of the right to appeal his conviction, I concur only in the judgment.

Federal Rule of Appellate Procedure 3(c) details the required contents of a notice of appeal. In 2021, the rule was amended to clarify that "[d]esignation of the final judgment confers appellate jurisdiction over prior interlocutory orders that merge into the final judgment." Fed. R. App. P. 3(c) advisory committee's note to 2021 amendment. With this clarification, parties need not designate every district court order they wish to challenge, and courts are not limited to considering only listed orders. *Id.*

Rule 3(c)(6)—a 2021 addition—allows appellants to limit the scope of the appeal. *Id.* This provision serves "[t]o remove the trap for the unwary, while enabling deliberate limitations of the notice of appeal . . . ." *Id.*

Mendez-Lozano's notice of appeal states that the appeal "is limited to the sentence imposed and does not challenge the underlying conviction." In his briefing, however, he challenges his conviction by arguing that the district court should have: (1) severed his felon-in-possession charge, and (2) provided additional limiting instructions regarding the felon-status stipulation read to the jury.

We asked the parties to provide supplemental briefing in order to determine whether Rule 3(c)(6) was a jurisdictional or a claims-processing rule. Both Mendez-Lozano and the Government believe it to be a claims-processing rule.

What the Government did not argue, either in its response or supplemental brief, was that the limiting statement meant Mendez-Lozano *waived* the ability to appeal his conviction. *See, e.g.*, *Ibarra v. United Parcel*

*Serv.*, 695 F.3d 354, 358 n.21 (5th Cir. 2012) ("[W]e do not consider arguments not included in a party's briefs."). In fact, the Government's supplemental brief remarked that the court could reasonably conclude that Mendez-Lozano intended to appeal his conviction. "[T]he Government notes that Mendez's notice also designates the 'final judgment/sentence' as the order being appealed, which would include both the conviction and sentence." Also, the Government "does not claim it has suffered prejudice from Mendez-Lozano's confusing notice of appeal." The gravamen of the Government's argument is not that he waived the appeal of his conviction, but that he cannot prevail on the merits.

The cases cited in the majority opinion in support of its conclusion that the argument is waived are not criminal cases, do not limit courts' review of a final judgment, and do not refer to the limiting statement as a "waiver." *See Macias v. Perry*, No. 25-40028, 2025 WL 3709072, at *2 n.9 (5th Cir. Dec. 22, 2025) (per curiam) (declining to consider appellate arguments regarding claims against certain parties when the notice of appeal expressly indicated they appealed their claims as to other named defendants); *Short v. Billings Cnty.*, 138 F.4th 1072, 1076 n.4 (8th Cir. 2025) (declining to address a denial of a motion to dismiss in a stayed federal proceeding when the notice of appeal designated a preliminary injunction for appellate review). There are relatively few circuit court cases that have examined Rule 3(c)(6), and none have held that the limiting statement is a waiver. There are even fewer criminal cases applying the rule. Those that have do not deal with the appeal of a conviction.[1]

---

[1] In one case out of the Eleventh Circuit, the defendant moved for a sentence reduction more than a dozen times. *United States v. Sylvain*, No. 22-13225, 2023 WL 5842006, at *1 (11th Cir. Sept. 11, 2023) (per curiam). In his notice, the defendant specified he was appealing a September 2022 order denying his motion to modify his sentence. *Id.* at *2. However, he did not address any of the applicable standards for this challenge in his

No. 24-40631

Concluding that Mendez-Lozano waived the right to appeal his conviction in this instance is imprudent and unnecessary. Despite the limiting instruction in the notice of appeal, it is abundantly clear from the briefing that Mendez-Lozano intended to appeal both his conviction and his sentence. The Government understood this—it argues thoroughly and persuasively that it should prevail on the merits of the challenge to the conviction as well as the sentence. The Government did not mention waiver, either in its original brief or its supplemental brief. And I can find no other case where an appellate court has concluded that a limiting instruction in a notice of appeal constituted waiver of the right to appeal the case's merits.

Perhaps this serves as a warning for future appellants, particularly in the criminal context: do not include a limiting statement in your notice, lest you unwarily give up the right to appeal.

———————————————

briefing—instead he mentioned a July 2022 motion for compassionate release. *Id.* The court held that "where an appellant makes an express statement limiting the scope of the appeal, we have jurisdiction to review only the judgments or orders that are specified in the notice," and it deemed that he had abandoned his challenge to the September 2022 order. *Id.* (citing Rule 3(c)(6)).

However, the court then stated that if it could consider the July 2022 compassionate release order, it would grant summary affirmance for the government under its precedent. *Id.* at *2 n.1. The court also went on to determine that even if the defendant had not abandoned his challenge to the September 2022 order, the challenge would fail on the merits. *Id.* at *3.

The court did not discuss the notice's language as "waiver," and in any case, still briefly considered the merits of the defendant's arguments.